IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
WESTERN DIVISION

KELVYN MYERS                                                                                    PLAINTIFF

vs.                                                          CIVIL ACTION NO. 3:12CV66-MPM-DAS

SHERIFF KENNY DICKERSON, ET AL.                                                DEFENDANTS

## REPORT AND RECOMMENDATION

On October 26, 2012, plaintiff Kelvyn Myers, an inmate housed at the South Mississippi Correctional Institution-2 ("SMCI-2"), appeared before the undersigned for a hearing as set forth in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

### Allegations

Myers, who suffers from a heart condition, was incarcerated on October 27, 2011, at the Marshall County Jail. He maintains that he put in a sick call to see the nursing staff, who visit the jail every Tuesday and Thursday. When he was seen by the nursing staff on November 1, 2011, they ordered his medication for him and recommended that officers transport him to a hospital so that he could receive an EKG. Myers alleges that when he was transported to a

---

[1] 28 U.S.C. § 1915(g).

hospital and received an EKG approximately two days later, the treating physician wanted to admit him to the hospital. Myers maintains that, against the treating physician's advice, Sheriff Dickerson ordered the transporting officer to return Myers to jail. Days later, Myers suffered a slight stroke, losing eyesight in his left eye and some control over the left side of his body. Shortly thereafter, Myers was placed in the custody of the Mississippi Department of Corrections and transported to a different facility. Myers maintains that he was held at the Marshall County Jail for a period of twelve days without receiving the necessary treatment for his heart condition.

Myers maintains that he has also been denied medical treatment while housed at SMCI-2. He alleges that Ronald King, the Superintendent of the facility, has refused to send him to the hospital to receive treatment for his heart condition and to treat a boil on his leg. Myers also maintains that he has been overcharged for treatment relating to the boil on his leg, as he has had $6.00 deducted from his inmate account on two separate occasions, although he still suffers with the boil.

## Discussion

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he is deliberately indifferent to a prisoner's serious medical needs. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Myers concedes that officials at SMCI-2 have sought treatment for his heart condition, and that EKG results show that his heart is functioning normally. Although Myers disagrees with the results of the tests and is unhappy with the treatment he has received, mere "[d]isagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001). Additionally, Myers stated at the hearing that he sought medical treatment for

the boil on his leg and was seen by medical professionals. To the extent that he disagrees with the treatment provided or recommendation of the treating professionals, he fails to state a constitutional claim. *See id*. Moreover, the charge of a nominal fee to an inmate's account for health care services is not unconstitutional. *See, e.g., Cook v. Painter*, 30 F.3d 1491 (5th Cir. 1994). Therefore, Myers' allegations against Ronald King are insufficient to state a claim upon which relief could be granted and should be dismissed.

Myers does, however, state a constitutional claim against Sheriff Kenny Dickerson. Because Myers contends that he suffered a stroke days after Sheriff Dickerson allegedly ignored a doctor's advice as to the care necessary to treat Myers, the undersigned finds that Myers' claim of deliberate indifference to his serious medical needs should proceed against Sheriff Dickerson, and that process should issue as to this claim.

In sum, the undersigned respectfully recommends that Myers' claims against Ronald King should be dismissed, and process should issue for Sheriff Kenny Dickerson as to the remaining claim.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. Failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this the 29th day of October, 2012.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE